**Donald E. ENO, Plaintiff—Appellant,**

**v.**

**Gale NORTON, in her official capacity as Secretary of the U.S. Department of Interior; et al., Defendants—Appellees.**

No. 03–17335.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 13, 2005.

Donald E. Eno, West Sacramento, CA, pro se.

John F. Gisla, Esq., Office of the U.S. Attorney, Sacramento, CA, for Defendants–Appellees.

Before: BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Donald E. Eno appeals pro se the district court's summary judgment for the Secretary of the Interior. We have jurisdiction pursuant to 28 U.S.C. § 1291. Af-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ter de novo review, *Artichoke Joe's Calif. Grand Casino v. Norton*, 353 F.3d 712, 719–20 (9th Cir.2003), we affirm.

Eno alleged that the Secretary of the Interior had violated the Federal Land Policy and Management Act, 43 U.S.C. § 1714(*l*), by not holding a withdrawal hearing on the Hound Dog Placer Mining Claim, located in the Plumas National Forest, which is also known as Power Site Classification 179 ("PSC 179"). The district court properly granted summary judgment.

Eno is not entitled to a withdrawal hearing pursuant to section 1714(*l*)(1)(1) because National Forest System land is exempt from such a hearing. Eno is not entitled to a hearing pursuant to section 1714(*l*)(1)(2) because PSC 179 was not closed to mining as of October 21, 1976. The Mining Claims Rights Restoration Act opened PSC 179 to mining in 1955. *See* 30 U.S.C. § 621(a).

The district court did not abuse its discretion by denying Eno's requests to compel discovery and to take judicial notice. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.2002) (motion to compel); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.2001) (judicial notice).

We deny Eno's request for judicial notice.

AFFIRMED.